Jason A. Geller (SBN 168149)
   E-Mail:  jgeller@fisherphillips.com
Juan C. Araneda (SBN 213041)
   E-Mail:  jaraneda@fisherphillips.com
FISHER & PHILLIPS LLP
One Montgomery Street, Suite 3400
San Francisco, California 94104
Telephone: (415) 490-9000
Facsimile: (415) 490-9001

Attorneys for Defendants
WALMART INC., and
WAL-MART ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS DUARTE,<br><br>                    Plaintiff,<br><br>        vs.<br><br>WALMART INC.; WAL-MART ASSOCIATES, INC.; and DOES 1 through 20, inclusive,<br><br>                    Defendants. | Case No:<br><br>*[Removed from Santa Barbara County Superior Court Case No. 25CV08030]*<br><br>**DEFENDANTS WALMART INC. AND WAL-MART ASSOCIATES, INC.'S NOTICE AND PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A), 1441, AND 1446**<br><br>*[Filed concurrently with Civil Case Cover Sheet, Certificate of Interested Parties, Corporate Disclosure Statement, Notice of Related Cases, and Declaration of Juan C. Araneda]*<br><br>Complaint Filed:   December 23, 2025<br>Trial Date:        Not Yet Set |

DEFENDANTS WALMART INC. AND WAL-MART ASSOCIATES, INC.'S NOTICE AND PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A), 1441, AND 1446

# **TABLE OF CONTENTS**

I.      NOTICE OF REMOVAL..................................................................................6

II.     BASIS FOR REMOVAL - DIVERSITY OF CITIZENSHIP ...........................6

III.    AMOUNT IN CONTROVERSY .....................................................................7

IV.     VENUE & INTRA-DISTRICT ASSIGNMENT..............................................14

V.      NOTICE OF REMOVAL................................................................................15

VI.     CONCLUSION..............................................................................................15

VII.    PRAYER FOR REMOVAL............................................................................16

DEFENDANTS WALMART INC. AND WAL-MART ASSOCIATES, INC.'S NOTICE AND PETITION FOR
REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A), 1441, AND 1446

## TABLE OF AUTHORITIES

**Cases**                                                                                    **Page No(s).**

*Alvarado v. Fed. Express Corp.*,
No. C 04-0098 SI, 2008 WL 744824, at *5 (N.D. Cal. Mar. 18, 2008) ............ 14

*Castanon v. Int'l Paper Co.*,
No. 2:15-CV-08362-ODW, 2016 WL 589853 (C.D. Cal. Feb. 11, 2016) .......... 9

*Chavez v. JPMorgan Chase & Co.*,
888 F.3d 413, 416 (9th Cir. 2018)................................................................ 8

*Commodore Home Sys., Inc. v. Super. Ct.*,
649 P.2d 912 (Cal. 1982) ............................................................................. 10

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
135 S.Ct. 547, 554 (2014) ............................................................................ 7

*Emrich v. Touche Ross & Co.*,
846 F.2d 1190, 1193 n.1 (9th Cir. 1988)..................................................... 7

*Fritsch v. Swift Transp. Co. of Arizona, LLC,*
899 F.3d 785, 794 (9th Cir. 2018).............................................................. 12

*Galt G/S v. JSS Scandinavia*,
142 F.3d 1150, 1155–56 (9th Cir. 1998)................................................... 8

*Glenn-Davis v. City of Oakland*,
No. C 02-02257SI, 2007 WL 687486, at *2 (N.D. Cal. Mar. 5, 2007) ............. 12

*Gonzales v. CarMax Auto Superstores, LLC*,
840 F.3d 644, 648–49 (9th Cir. 2016).................................................... 8

*Guglielmino v. McKee Foods Corp.*,
506 F.3d 696, 700 (9th Cir. 2007)................................................... 13

*Haase v. Aerodynamics, Inc.*,
No. 2:09-CV-01751-MCE- GG, 2009 WL 3368519,
at *5 (E.D. Cal. Oct. 19, 2009)................................................................ 13

*Harvey v. Sybase, Inc.*,
76 Cal. Rptr. 3d 54, 62, 73 (Cal. Ct. App. 2008) ................................ 14

*Horsford v. Board of Trs. of Cal. State Univ.*,
132 Cal.App.4th 359, 394 (2005)...................................................... 13

*Hunio v. Tishman Const. Corp. of Cal.*,
18 Cal. Rptr. 2d 253, 257, 266 (Cal. Ct. App. 1993) ......................... 14

*Iwekaogwu v. City of Los Angeles*,
75 Cal. App. 4th 803, 821 (1999)...................................................... 11

*Kelly-Zurian v. Wohl Shoe Co.*,
22 Cal. App. 4th 397, 410 (1994)...................................................... 12

3

*Korn v. Polo Ralph Lauren*,
   536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ...................................................... 9

*Lave v Charter Commc'ns, LLC*,
   No. RIC 1508865, 2017 WL 2901375, at *3 (Cal. Super. Ct. June 07, 2017) .. 12

*McCraw v. Lyons*,
   863 F. Supp. 430, 434 (W.D. Ky. 1994) ............................................................ 9

*Muniz v. Pilot Travel Centers LLC*,
   2007 WL 1302504, *2 (E.D. Cal. May 1, 2007) ................................................ 9

*Pande v. ChevronTexaco Corp.*,
   No. C-04-05107 JCS, 2008 WL 906507, at *1 (N.D. Cal. Apr. 1, 2008) ......... 14

*Parker-Williams v. Charles Tini & Associates, Inc.*,
   53 F.Supp.3d 149, 152 (D.D.C. 2014) ............................................................... 8

*Rodriguez v. Home Depot, U.S.A., Inc.*,
   No. 16-CV-01945-JCS, 2016 WL 3902838, at *5 (N.D. Cal. July 19, 2016)12, 14

*Rodriguez v. Home Depot, USA, Inc.*,
   No. 16-CV01945-JCS, 2016 WL 3902838 (N.D. Cal. July 19, 2016) ............... 9

*Rodriguez,* 2016 WL 3902838, at *5 ..................................................................... 11

*Sanchez v. Monumental Life Ins. Co.*,
   102 F.3d 398, 404 (9th Cir. 1996) ....................................................................... 8

*Saulic v. Symantec Corp.*,
   No. SA-CV-07-610-AHS(PLAx), 2007 WL 5074883, *5 (C.D. Cal. Dec. 26,
   2007) .................................................................................................................... 8

*Saulic v. Symantec Corp.*, No. SA 07-cv-00610-AHS-PLAx, 2007 WL 5074883,
   at *4 (C.D. Cal. Dec. 26, 2007) ......................................................................... 10

*Simmons v. PCR Tech.*,
   209 F. Supp. 2d 1029, 1033 (2002) ........................................................ 9, 11, 13

*Singer v. State Farm Mut. Auto. Ins. Co.*,
   116 F.3d 373, 377 (9th Cir. 1997) .................................................................. 8, 9

*Velez v. Roche*,
   335 F. Supp. 2d 1022, 1037 (N.D. Cal. 2004) .................................................. 11

*Weeks v. Baker & McKenzie*,
   63 Cal. App. 4th 1128, 1137 (1998) ................................................................. 14

*Zanone v. City of Whittier*,
   162 Cal. App. 4th 174, 183, 185 (2008) ........................................................... 11

**Statutes**

28 U.S.C. § 1332 ................................................................................................ 6, 16

DEFENDANTS WALMART INC. AND WAL-MART ASSOCIATES, INC.'S NOTICE AND PETITION FOR
REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A), 1441, AND 1446

28 U.S.C. § 1332(a) ................................................................................ 6. 7, 13

28 U.S.C. § 1441 ........................................................................................ 6, 16

28 U.S.C. § 1441(a) .................................................................................... 6, 15

28 U.S.C. § 1441(b)(1) .................................................................................... 7

28 U.S.C. § 1446 ............................................................................................ 16

28 U.S.C. § 1446(a) ....................................................................................... 15

28 U.S.C. § 1446(b) ......................................................................................... 7

28 U.S.C. § 1446(d) ....................................................................................... 15

Cal. Gov't Code § 12926 ............................................................................... 10

Cal. Gov't Code § 12965(b) ........................................................................... 13

Cal. Labor Code § 1102.5(f) ..................................................................... 10, 11

Cal. Labor Code §§ 201 and 203 .................................................................... 11

**Other Authorities**

Fair Employment and Housing Act ........................................................... 10, 14

DEFENDANTS WALMART INC. AND WAL-MART ASSOCIATES, INC.'S NOTICE AND PETITION FOR
REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A), 1441, AND 1446

## I.    NOTICE OF REMOVAL

Pursuant to 28 U.S.C. sections 1332, 1441 and 1446, Defendants Walmart Inc., and Wal-Mart Associates, Inc. (collectively "Defendants"), by and through their attorneys of record, hereby remove the above-entitled action from the Superior Court of the State of California in and for the County of Santa Barbara, to the United States District Court for the Central District of California (Western Division), on the following grounds:

## II.    BASIS FOR REMOVAL - DIVERSITY OF CITIZENSHIP

1.    On December 23, 2025, Plaintiff Carlos Duarte filed a Complaint ("Complaint") in the Superior Court of the State of California in and for the County of Santa Barbara styled *Carlos Duarte v. Walmart Inc., et al.,* Case No. 25CV08030.

2.    Removal of a case to federal court is governed in part by 28 U.S.C. section 1441, which generally allows removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

3.    Pursuant to 28 U.S.C. section 1332, the United States District Court for the Central District of California has original jurisdiction over the parties and the subject matter of this action because it is an action arising in Santa Barbara County, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and it is an action between citizens of different states. 28 U.S.C. §§ 1332(a), 1441.

4.    A copy of Plaintiff's Complaint, filed in the Superior Court of the State of California, County of Santa Barbara, along with a copy of the Summonses and all other materials served upon Defendants by Plaintiff are attached hereto as **Exhibit 1**. Exhibit 1 constitutes all process, pleadings, and orders known by Defendants to exist in this action.

5.    Defendant Walmart Inc. is a Delaware corporation, with its principal place of business in Arkansas. (Declaration of Juan C. Araneda ("Araneda Decl."), ¶2, Ex. A.) Defendant Walmart Inc. maintains its executive office in Arkansas, and the management of Defendant Walmart Inc.'s operations and finances is performed in Arkansas. (*Id*.)

6.      Defendant Wal-Mart Associates, Inc., is a Delaware corporation, with its principal place of business in Arkansas. (Araneda Decl., ¶3, Ex. B.) Defendant Wal-Mart Associates, Inc. maintains its executive office in Arkansas, and the management of Defendant Wal-Mart Associates, Inc.'s operations and finances is performed in Arkansas. (*Id.*)

7.      The defendants designated as Does 1 to 20 in Plaintiff's Complaint are fictitious defendants, and have not been served, to Defendants' knowledge. (S*ee* Complaint ¶3.) Un-served defendants need not join in the notice of removal. *See Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). Additionally, the citizenship of fictitious defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1).

8.      Plaintiff is a citizen of California. (Complaint ¶1.) Accordingly, this action is between citizens of different states, specifically California and Arkansas/Delaware. This complete diversity of citizenship existed at the time Plaintiff filed his Complaint and it exists at the time of this removal.

9.      As required by 28 U.S.C. section 1446(b), this petition is filed within thirty (30) days after Defendants were served with the Summons and Complaint. Specifically, on December 30, 2025, Plaintiff served his Complaint upon Defendants' agent for service of process (CT Corporation) in California. (Araneda Decl., ¶4-5, Ex. C-D.)

## III.   **AMOUNT IN CONTROVERSY**

10.     Diversity jurisdiction exists where the parties are diverse of citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

11.     The $75,000 threshold necessary for diversity jurisdiction is not particularly burdensome. Indeed, when seeking removal of a state action to federal court based on diversity jurisdiction, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). The failure of

the Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See, e.g., Saulic v. Symantec Corp.*, No. SA-CV-07-610-AHS(PLAx), 2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007); *Parker-Williams v. Charles Tini & Associates, Inc.*, 53 F.Supp.3d 149, 152 (D.D.C. 2014).

12.    Where, as here, a complaint does not state the amount in controversy, removal is proper if the court finds by a preponderance of evidence that the amount in controversy plausibly exceeds the jurisdictional threshold of $75,000. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). "The amount in controversy may include damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees awarded under fee shifting statutes." *Id.* (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)). In other words, this Court may consider whether it is facially apparent from the Complaint that it is more likely than not that the jurisdiction amount of $75,000 is in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "In assessing the amount in controversy, [the Court] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." *Chavez*, 888 F.3d at 416. The allegations of the Complaint demonstrate that Plaintiff seeks damages in excess of the jurisdictional requirement of $75,000. Economic damages, non-economic damages, general damages, punitive damages, and attorneys' fees are all included in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998).

13.    While Defendants deny any liability as to Plaintiff's claims, Defendants can satisfy their burden of showing that the jurisdiction threshold of $75,000 is in controversy. *Sanchez*, 102 F.3d at 404. "[That] burden is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claim for damages.'" *Muniz v. Pilot Travel Centers LLC*,

DEFENDANTS WALMART INC. AND WAL-MART ASSOCIATES, INC.'S NOTICE AND PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A), 1441, AND 1446

2007 WL 1302504, *2 (E.D. Cal. May 1, 2007) (quoting *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)). In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the Complaint. *Korn v. Polo Ralph Lauren*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Further, the Court may examine extrinsic evidence of the amount in controversy. *See Singer*, 116 F.3d at 377 (requiring parties to submit "summary-judgment-type evidence relevant to the amount of controversy at the time of removal") (citation omitted).

14.    Though Defendants deny that Plaintiff is entitled to any damages, Plaintiff seeks (1) payment of earned wages and withheld earnings; (2) statutory obligations and penalties; (3) special, compensatory and general damages; (4) punitive damages; (5) loss of income; (6) attorneys' fees; (7) costs of suit; (8) interest; (9) damages and penalties provided by law; (10) restitution and equitable relief; and (11) such other and further relief the Court may deem just and proper. (*See* Complaint, Prayer for Relief ¶¶ 1-11.) California federal courts have routinely found that the amount-in-controversy requirement is satisfied in cases with similar claims. *See, e.g., Rodriguez v. Home Depot, USA, Inc.*, No. 16-CV01945-JCS, 2016 WL 3902838 (N.D. Cal. July 19, 2016) (amount-in-controversy requirement satisfied in wrongful termination case seeking lost wages, equitable relief, restitution, emotional distress damages, punitive damages, and attorneys' fees and costs); *Castanon v. Int'l Paper Co.*, No. 2:15-CV-08362-ODW, 2016 WL 589853 (C.D. Cal. Feb. 11, 2016) (amount-in-controversy requirement satisfied in disability discrimination case seeking lost earnings, emotional distress and punitive damages, and attorneys' fees); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029 (2002) (amount-in-controversy requirement satisfied in employment discrimination case seeking compensatory damages, punitive damages, emotional distress damages, injunctive relief, and attorneys' fees).

15.    Here, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, based on the following allegations and evidence:

DEFENDANTS WALMART INC. AND WAL-MART ASSOCIATES, INC.'S NOTICE AND PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A), 1441, AND 1446

a.      **Plaintiff's Lost Wages.** Plaintiff alleges that as a result of Defendants' conduct, he suffered and continues to suffer loss in earnings and other employment benefits. (Exhibit 1: Complaint, ¶15, 21, 26, 31, 36, 41, 46, 51, 56, 61, 66, 71, 76.) Under California's Fair Employment and Housing Act, Cal. Gov't Code section 12926, *et seq.*, all non-contractual tort remedies are potentially recoverable, including back pay, front pay, compensatory damages, punitive damages, attorneys' fees and costs. *See, e.g., Commodore Home Sys., Inc. v. Super. Ct.*, 649 P.2d 912 (Cal. 1982). Here, Plaintiff's final rate of pay was $17.69 per hour at the time his employment ended on December 7, 2023.  Thus, a conservative estimate of Plaintiff's alleged backpay wage loss, not taking into account alleged lost benefits, at the time of removal is $67,363.52 ($17.69 per hour x 34 hours per week x 112 weeks since termination).  Of course, this amount does not take into account any alleged future lost wages.  Assuming a trial date 12 months from the filing of this Petition of Removal, Plaintiff's wage loss would amount to at least $98,639.44 ($17.69 per hour x 34 hours per week x 164 weeks from termination).

b.      **Plaintiff's Claims for California Labor Code Violation Penalties**. "Courts as a matter of law, calculate the amount in controversy based upon the maximum amount of civil penalties available to plaintiff." *Saulic v. Symantec Corp.*, No. SA 07-cv-00610-AHS-PLAx, 2007 WL 5074883, at *4 (C.D. Cal. Dec. 26, 2007).

Here, Plaintiff asserts a Sixth Cause of Action under California Labor Code section 98.6 for purported retaliation. (Exhibit 1: Complaint ¶¶39-43.) Section 98.6 provides as remedies a penalty of up to $10,000. (Cal. Labor Code §98.6(b)(3).)

Plaintiff also asserts a Seventh Cause of Action under California Labor Code section 1102.5 for purported retaliation. (Exhibit 1: Complaint ¶¶44-48.) Section 1102.5 provides as remedies a penalty of up to $10,000. (Cal. Labor Code §1102.5(f).)

/ / /

DEFENDANTS WALMART INC. AND WAL-MART ASSOCIATES, INC.'S NOTICE AND PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A), 1441, AND 1446

Plaintiff also asserts a Thirteenth Cause of Action under California Labor Code section 233. (Exhibit 1: Complaint ¶¶74-78.) Section 233 provides as remedies actual damages or one day's pay, whichever is greater. (Cal. Labor Code §233(d).) Thus, Plaintiff's recovery under Section 233 would amount to at least $132.68 ($17.69 per hour x 7.5 hours per day x 1 day).

Accordingly, the amount in controversy here clearly exceeds $75,000, especially when Plaintiff's lost wages damages ($67,363.52) are added to potential Labor Code violation penalties($20,132.68).

c.   **Plaintiff's Special and General Damages for Emotional Distress.**
Plaintiff alleges that as a result of Defendants' alleged conduct toward him, he has suffered "emotional distress" and "mental pain and anguish." (Exhibit 1: Complaint at ¶¶ 16, 22, 27, 32, 37, 42, 47, 52, 57, 62, 67, 72, 77.) The emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Rodriguez,* 2016 WL 3902838, at *5. Further, a defendant may use damage awards in other cases to establish that the amount in controversy exceeds $75,000. *See Simmons*, 209 F. Supp. 2d at 1033. Employment discrimination cases in California alleging similar emotional distress injuries have resulted in verdicts that well exceed the diversity jurisdiction threshold of $75,000. *See Velez v. Roche*, 335 F. Supp. 2d 1022, 1037 (N.D. Cal. 2004) ($300,000 emotional distress award where plaintiff suffered depression and other mental anguish following discrimination, even where plaintiff did not formally consult a doctor, did not take any medication for her condition, and continued to work); *Zanone v. City of Whittier*, 162 Cal. App. 4th 174, 183, 185 (2008) (affirming emotional distress award of $660,000 on plaintiff's FEHA discrimination and retaliation claims where plaintiff suffered "stress, anxiety and depression"); *Iwekaogwu v. City of Santa Barbara*, 75 Cal. App. 4th 803, 821 (1999) (affirming award of more than $450,000 for emotional distress for FEHA

11

discrimination claims where plaintiff suffered "nightmares, loss of appetite, and loss of interest in ordinary activities"); *Kelly-Zurian v. Wohl Shoe Co.*, 22 Cal. App. 4th 397, 410 (1994) (affirming award of more than $110,000 in emotional distress damages in employment discrimination case where plaintiff was diagnosed with anxiety); *Lave v Charter Commc'ns, LLC*, No. RIC 1508865, 2017 WL 2901375, at *3 (Cal. Super. Ct. June 07, 2017) (verdict awarding $575,000 in emotional distress damages where FEHA and IIED plaintiff experienced depression, insomnia, irritability, and anxiety); *see also Glenn-Davis v. City of Oakland*, No. C 02-02257SI, 2007 WL 687486, at *2 (N.D. Cal. Mar. 5, 2007) (reducing $1.85 million emotional distress award to $400,000 for "garden variety" emotional distress stemming from plaintiff's discrimination claims). Accordingly, Plaintiff's claim for emotional distress injuries plausibly establishes the amount in controversy. *See Rodriguez v. Home Depot, U.S.A., Inc.*, No. 16-CV-01945-JCS, 2016 WL 3902838, at *5 (N.D. Cal. July 19, 2016) (amount in controversy was established in discrimination and retaliation case claiming emotional distress because emotional distress damages in similar cases have been substantial). Thus, if Plaintiff is able to prove his claims at trial, it is reasonable to conclude that Plaintiff will seek, and a jury may award, in excess of $75,000 for emotional distress damages. Accordingly, the amount in controversy here clearly exceeds $75,000, especially when Plaintiff's lost wages damages and Labor Code penalties are added to a potential recovery of emotional distress damages of at least $75,000.

d.      **Plaintiff's Attorneys' Fees.** Plaintiff also seeks to recover attorneys' fees. (Exhibit 1: Complaint at Prayer for Relief.)  Attorneys' fees (future and accrued) are also properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity. *See Fritsch v. Swift Transp. Co. of Arizona, LLC,* 899 F.3d 785, 794 (9th Cir. 2018); *Galt G/S*, 142 F.3d at 1156 (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory). The Ninth Circuit Court of

Appeals has held that "Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Under California Government Code section 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in Fair Employment and Housing Act lawsuits. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Board of Trs. of Cal. State Univ.*, 132 Cal.App.4th 359, 394 (2005). Defendants anticipate that depositions will be taken in this case and that Defendants will ultimately file a Motion for Summary Judgment. Based on defense counsel's experience, attorneys' fees in employment discrimination cases generally will exceed $50,000, and will often exceed $100,000. Other courts have also noted that in individual employment cases, attorneys' fees alone can often exceed the jurisdictional minimum. *See, e.g., Simmons*, 209 F. Supp. 2d at 1035 (N.D. Cal 2002) ("The court notes that in its twenty-plus years' of experience, attorneys' fees in individual discrimination cases often exceed the damages."); *Haase v. Aerodynamics, Inc.*, No. 2:09-CV-01751-MCE- GG, 2009 WL 3368519, at *5 (E.D. Cal. Oct. 19, 2009) (finding that "even a minimal award of attorneys' fees would cause the amount in controversy to exceed the jurisdictional minimum."). Thus, it is more likely than not that the fees incurred in this case will exceed at least $50,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $100,000 if the case proceeds to trial. Accordingly, even assuming an attorneys' fees award of $50,000, the amount in controversy threshold of $75,000 would be easily surpassed when aggregating Plaintiff's claimed lost wages, Labor Code penalties, emotional distress damages, and potential attorneys' fee award.

e.    **Plaintiff's Claimed Punitive Damages.** Plaintiff also seeks to recover punitive damages, alleging, without any specific support, that "Defendants

acted with oppression, malice, and/or conscious disregard of Plaintiff's rights" (Exhibit 1: Complaint at ¶¶ 17, 23, 28, 33, 38, 43, 48, 53, 58, 63, 68, 73, 78, Prayer for Relief.)  Employment discrimination cases in California have resulted in punitive damages awards exceeding $75,000. *See Pande v. ChevronTexaco Corp.*, No. C-04-05107 JCS, 2008 WL 906507, at *1 (N.D. Cal. Apr. 1, 2008) (plaintiff awarded $2.5 million in punitive damages on CFRA, FEHA, and related violation of public policy under California law claims); *Alvarado v. Fed. Express Corp.*, No. C 04-0098 SI, 2008 WL 744824, at *5 (N.D. Cal. Mar. 18, 2008) (upholding $300,000 punitive damages award in discrimination case); *Harvey v. Sybase, Inc.*, 76 Cal. Rptr. 3d 54, 62, 73 (Cal. Ct. App. 2008) (reinstating $500,000 punitive damages award on plaintiff's FEHA discrimination claims); *Weeks v. Baker & McKenzie*, 63 Cal. App. 4th 1128, 1137 (1998) (affirming $3.5 million punitive damages award against employer in a discrimination case under the Fair Employment and Housing Act ("FEHA")); *Hunio v. Tishman Const. Corp. of Cal.*, 18 Cal. Rptr. 2d 253, 257, 266 (Cal. Ct. App. 1993) (finding award of $1 million in punitive damages on discriminatory constructive discharge cause of action was "certainly within permissible limits"). Accordingly, Plaintiff's punitive damages claim plausibly establishes the amount in controversy.  *See Rodriguez*, 2016 WL 3902838, at *6 (claim for punitive damages in employment discrimination and retaliation case established amount in controversy because punitive damage awards in similar cases have exceeded jurisdictional threshold).

16.     Based upon the foregoing, it is respectfully submitted that the amount in controversy exceeds $75,000, and that this action is properly removed to this Court.

**IV.     VENUE & INTRA-DISTRICT ASSIGNMENT**

17.     Pursuant to 28 U.S.C. section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See Polizzi v.*

*Cowles Magazines*, *Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C. section 1441(a) and is properly laid in the district embracing the place where the action is pending). This Court embraces the Santa Barbara County Superior Court, which is where Plaintiff's Complaint was originally filed and where the action is currently pending. Accordingly, this Court (Western Division) is the appropriate court to which to remove this action.

**V.     NOTICE OF REMOVAL**

18.     As required by 28 U.S.C. section 1446(d), a copy of the Notice of Petition for Removal will be attached to a pleading entitled Notice to Adverse Party and State Court of Removal of Action to Federal Court and promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, in and for the County of Santa Barbara.

19.     In compliance with 28 U.S.C. section 1446(a), true and correct copies of all "process, pleadings, and orders" from the State Court Action served on Defendants are attached to this Notice and Petition for Removal as Exhibit 1.

**VI.     CONCLUSION**

20.     Complete diversity of citizenship exists inasmuch as Plaintiff is a citizen of California and Defendants are citizens of Delaware and Arkansas. Furthermore, the amount in controversy exceeds $75,000. Accordingly, this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. sections 1332, 1441, and 1446, and Defendants have properly removed the State Court Action to this Court. Defendants reserve, and do not waive, any objection they may have to jurisdiction, venue, and any and all other defenses or objections to the action.

/ / /

/ / /

/ / /

/ / /

/ / /

15

## VII.   **PRAYER FOR REMOVAL**

WHEREFORE, Defendants pray that the State Court Action be removed from the Superior Court of California, County of Santa Barbara, to the United States District Court for the Central District of California.

Dated: January 28, 2026                         FISHER & PHILLIPS LLP

By:    */s/ Juan C. Araneda*
Jason A. Geller
Juan C. Araneda

Attorneys for Defendants
WALMART INC., AND WAL-MART
ASSOCIATES, INC.

DEFENDANTS WALMART INC. AND WAL-MART ASSOCIATES, INC.'S NOTICE AND PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A), 1441, AND 1446