Michael Freiman, Esq. (SBN 280716)
Law Office of Michael Freiman
100 Wilshire Blvd., Ste. 700
Santa Monica, CA 90401
(310) 917-1022
mike@employlegal.com

Attorney for Plaintiff CARLOS DUARTE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLOS DUARTE,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC.; WAL-MART ASSOCIATES, INC.; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.: 2:26-cv-00892-JLS-PD<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. Discrimination in Violation of FEHA<br>2. Failure to Prevent Discrimination (FEHA)<br>3. Retaliation in Violation of FEHA<br>4. Labor Code s. 98.6<br>5. Labor Code s. 1102.5<br>6. Labor Code s. 6310<br>7. California Family Rights Act<br>8. Failure to Engage in a Good Faith Interactive Process<br>9. Failure to Provide Reasonable Accommodation<br>10. Wrongful Termination in Violation of Public Policy<br>11. Labor Code s. 233<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff CARLOS DUARTE for its Complaint against Defendants WALMART INC.; WAL-MART ASSOCIATES, INC. and DOES 1 through 20, inclusive, hereby complains and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Carlos Duarte was at all times relevant to the matters alleged in this complaint an individual with its residence in California.

2. Plaintiff is informed and believes and thereon alleges that the fictitiously-named Defendants sued herein as Does 1 through 20 inclusive, and each of them, are in some manner responsible for the occurrences, acts, and omissions alleged herein and that Plaintiff's damages were proximately caused by their conduct. The true names and capacities of such fictitiously-named Doe Defendants, whether individual, corporate, partnership, associate or otherwise, are presently unknown to Plaintiff, and Plaintiff will seek leave of the Court to amend this Complaint to assert the true names and capacities of such fictitiously-named Defendants when the same have been ascertained. For convenience, each reference to the named Defendant herein shall also refer to Does 1 through 20, inclusive.

3. Plaintiff is informed and believes and thereon alleges that in committing certain acts herein as alleged, some or all of the Defendants herein named were acting as the agents, joint ventures, partners, representatives, subsidiaries, affiliates and/or employees of some or all of the other Defendants, and that some or all of the conduct of such Defendants, as complained of herein, was within the course and scope of such relationship.

4. Pursuant to Article VI, Section 10 of the California Constitution, subject matter jurisdiction is proper in the Superior Court of California, County of Santa Barbara.

5. Pursuant to Section 395 of the California Code of Civil Procedure, venue is proper in the Superior Court of California for the County of Santa Barbara, because the Defendant conducted business in Santa Barbara County.

## FACTUAL BACKGROUND

6. From May 7, 2018, to December 7, 2023, Defendants Walmart Inc. and Wal-mart Associates, Inc. ("Defendants") jointly employed Plaintiff Carlos Duarte ("Plaintiff") at 701 West Central Ave, Lompoc, CA 93436, because both Defendants had the right to control and did control the day to day terms and conditions of Plaintiff's employment including through hiring Plaintiff, managing Plaintiff's performance and conduct, paying Plaintiff's compensation, and assuming responsibility for the decision whether or not to provide accommodations for Plaintiff's disabilities, and terminating Plaintiff's employment as set forth in more detail below.

7. Plaintiff worked for Defendants as a Stocker with job duties, responsibilities and essential functions including facilitating the stocking of products and assisting customers.

8. At the time of the underlying events, Plaintiff was qualified for the position due to his years of experience in the field and always performed competently by achieving the goals set out for Plaintiff by Defendant's management including by ensuring the correct stocking of products and assistance with customers completely and timely.

9. In late 2023, Plaintiff informed Defendants' management and human resources that Plaintiff had severe physical pain, stress, dizziness, headaches, and high blood pressure that substantially limited Plaintiff's major life activities of moving, working, and lifting.

10. Plaintiff was eligible for sick time and CFRA leave due to his working for more than a year of full time work in the preceding year.

11. In late 2023, Plaintiff exercised his right to sick time CFRA leave and returned to work.

12. Plaintiff complained to Defendants' management regarding Defendants' unsafe work environment as a result of Defendants' permitting the use of broken pallets that posed danger of physical injury to limb and an employee throwing objects at Plaintiff's back; as well as Defendants' failure to follow health and safety laws by permitting the sale of ice cream that was not stored at the required temperature level in the freezer instead being stored without any freezer at all.

13. Plaintiff was able to perform the essential functions of his position with the reasonable accommodations of restrictions on lifting heavy items, climbing, and other accommodations known to Defendants or reasonably should have been known to Defendants.

14. Plaintiff requested such accommodations from Defendant's management and human resources.

15. However, Defendants' management and human resources personnel failed to take any step at all to engage with Plaintiff to determine what accommodations could be made.

16. Instead, Defendant's human resources representative yelled at Plaintiff, told Plaintiff that Plaintiff didn't have any rights because he was a "temp employee," that Defendants would not accommodate Plaintiff, and that Plaintiff was not allowed to return to work, which Plaintiff opposed to Defendants' management.

17. Within close time proximity to Plaintiff's aforementioned protected activities (less than four [4] months), Defendants' management, with knowledge of Plaintiff's aforementioned protected categories and activities, failed to reinstate Plaintiff to the same position after returning from his protected leaves, refused to allow Plaintiff to return to work, and terminated Plaintiff's employment with substantial motivation on the bases of Plaintiff's aforementioned acts.

18. Defendants' management did not subject other Stockers outside of Plaintiff's protected categories and activities at the same location reporting to the same management during the time of Plaintiff's employment to the same negative acts.

19. Defendants' management failed to provide reasonable accommodation to Plaintiff because Defendant was less concerned about accommodating an employee with a disability than it was substantially motivated to remove the disabled employee in need of accommodation.

20. Defendants' management failed to investigate Plaintiff's aforementioned complaints because Defendants' management was less concerned about getting to the truth of the matters complained of than it was substantially motivated to remove the employee who complained.

21. Defendants' aforementioned acts caused Plaintiff to lose income, and to suffer emotional distress, mental suffering, loss of enjoyment of life, fear, humiliation, worry, and related symptoms.

22. On December 23, 2025, Plaintiff filed a charge for the aforementioned claims with the California Civil Rights Department and received a right to sue letter the same day.

**<u>FIRST CAUSE OF ACTION</u>**
**(Discrimination in Violation of FEHA)**
**(Against All Defendants)**

23. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

24. Defendants' actions constitute discrimination in violation of the Fair Employment and Housing Act ("FEHA").

25. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

26. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

27. In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

**<u>SECOND CAUSE OF ACTION</u>**
**(Failure to Prevent Discrimination in Violation of FEHA)**
**(Against All Defendants)**

28. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

29. Under FEHA, it is unlawful for an employer to fail to take all reasonable steps to prevent discrimination.

30. Defendants had knowledge and/or reasonable notice of the discrimination that took place against Plaintiff and failed to prevent such.

31. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

32. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

33. In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

**THIRD CAUSE OF ACTION**
**(Retaliation in Violation of FEHA)**
**(Against All Defendants)**

34. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

35. Defendants' actions constitute retaliation in violation of the Fair Employment and Housing Act ("FEHA").

36. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

37. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

38. In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

**FOURTH CAUSE OF ACTION**
**(Retaliation in Violation of Labor Code s. 98.6)**
**(Against All Defendants)**

39. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

40. Defendants' actions constitute retaliation in violation of Labor Code s. 98.6.

41. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

42. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

43. In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

**FIFTH CAUSE OF ACTION**
**(Retaliation in Violation of Labor Code s. 1102.5)**
**(Against All Defendants)**

44. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

45. Defendants' actions constitute retaliation in violation of Labor Code s. 1102.5.

46. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

47. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

48. In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

**SIXTH CAUSE OF ACTION**
**(Retaliation in Violation of Labor Code s. 6310)**
**(Against All Defendants)**

49. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

50. Defendants' actions constitute retaliation in violation of Labor Code s. 6310.

51. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

52. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

53. In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

**SEVENTH CAUSE OF ACTION**
**(California Family Rights Act)**
**(Against All Defendants)**

54. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

55. Defendants' actions constitute a violation of the California Family Rights Act including without limitation failure to accord all rights required under the CFRA, interference with leave, retaliation for exercising leave, discrimination based on leave, failure to provide leave, and other similar acts.

56. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

57. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

58. In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

**EIGHTH CAUSE OF ACTION**
**(Failure to Engage in a Good Faith Interactive Process)**
**(Against All Defendants)**

59. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

60. Defendants' actions constitute failure to engage in a timely, good faith interactive process in violation of FEHA.

61. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

62. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

63. In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

**NINTH CAUSE OF ACTION**
**(Failure to Provide Reasonable Accommodation)**
**(Against All Defendants)**

64. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

65. Defendants' actions constitute failure to provde reasonable accommodation in violation of FEHA.

66. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

67. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

68. In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

## TENTH CAUSE OF ACTION
**(Wrongful Termination in Violation of Public Policy)**
**(Against All Defendants)**

69. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

70. Defendants' actions constitute wrongful termination in violation of public policy.

71. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

72. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

73. In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

**ELEVENTH CAUSE OF ACTION**
**(Labor Code s. 233)**
**(Against All Defendants)**

74. Plaintiff re-alleges and incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

75. Defendants' actions constitute violation of Labor Code s. 233.

76. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer a loss in earnings and other employment benefits according to proof at time of trial.

77. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered humiliation, emotional distress and mental pain and anguish all to its damage in an amount according to proof at trial.

78. In doing the acts herein alleged, Defendants acted with oppression, malice, and/or conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For payment of earned wages, withheld earnings, and other damages according to proof in an amount to be ascertained at trial;
2. For payment of all statutory obligations and penalties as required by law;
3. For penalties, special damages, compensatory, and general damages in an amount to be proven at trial;
4. For punitive damages as allowed by law;
5. Loss of income incurred and to be incurred according to proof;
6. For reasonable attorneys' fees;
7. For costs of suit incurred herein;
8. For interest provided by law;
9. All damages and penalties provided by law;
10. For restitution and other equitable relief; and
11. For such other and further relief as the court deems just and proper

Dated: February 25, 2026 By: LAW OFFICE OF MICHAEL FREIMAN

/s/ Michael Freiman, Esq.

Michael Freiman, Esq.

Attorney for Plaintiff Carlos Duarte

## DEMAND FOR JURY TRIAL

Plaintiff Carlos Duarte demands a jury trial.

Dated: February 25, 2026 By: LAW OFFICE OF MICHAEL FREIMAN

/s/ Michael Freiman, Esq.

Michael Freiman, Esq.

Attorney for Plaintiff Carlos Duarte